UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| GREGORY LEE HAYNES, | ) | |
| Petitioner, | ) ) | CASE NO.  C05-86Z |
| v. | ) ) | (CR97-282Z) |
| UNITED STATES OF AMERICA, | ) ) | ORDER |
| Respondent. | ) ) | |

This Case comes before the Court on the Petitioner's Motion to Modify Sentence, docket no. 1.

## BACKGROUND

In 1998, defendant Haynes and his co-defendant James Denton entered a conditional guilty plea in this Court to one count of conspiracy to manufacture marijuana and one count of conspiracy to commit money laundering.  Haynes was sentenced to six years' incarceration, to be followed by five years of supervised release.  Haynes appealed the denial of his motions to dismiss the indictment and to suppress fruits of a search.  The government cross-appealed.  The Ninth Circuit Court of Appeals denied Haynes' appeal, granted the government's cross-appeal, and remanded the case to the District Court for re-sentencing.  United States v. Haynes, 216 F.3d 789 (9th Cir. 2000).

ORDER - PAGE 1

Defendant Haynes, his co-defendant, and the government entered into a new plea agreement. United States v. Haynes, CR 97-0282Z, docket no. 536 (Plea Agreement). In the new plea agreement, Haynes agreed that imposition of a term of 80 months was the appropriate disposition of his case. Id. at ¶ 4. Mr. Haynes also stated in the plea agreement that he understood that if the Court accepted the agreement, the Court would impose a sentence of 80 months. Id. The Court imposed the agreed sentence of 80 months on April 30, 2001. United States v. Haynes, CR 97-0282Z, docket no. 550 (Judgment).

The Petitioner filed a motion to modify his sentence under 28 U.S.C. § 2255 on January 14, 2005. The government has responded to this motion, docket no. 8. The Petitioner has not replied. The motion is now ripe for the Court's review.

## DISCUSSION

The Petitioner moves the Court to modify his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel and because his conviction by a plea was unlawfully induced. Petitioner argues in a supplement to his motion that his sentence was illegal under United States v. Booker, 125 S.Ct. 738 (2005)

### 1. Timeliness of Petitioner's Motion.

The Petitioner's motion is untimely. Motions made under 28 U.S.C. § 2255 must be made within one year from the latest of four specified events: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered

through the exercise of due diligence." 28 U.S.C. § 2255.

The Petitioner was re-sentenced on April 30, 2001. His appeal period expired ten days later. Thus, his conviction was final on May 9, 2001. See United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). The Petitioner's Section 2255 motion was filed nearly three years after the deadline. The Petitioner does not argue that his motion is timely under 28 U.S.C. § 2255.

### 2. Effect of Booker on Petitioner's Motion

Although the Petitioner does not explicitly argue that his petition is timely, the Petitioner has invoked United States v. Booker, 125 S.Ct. 738 (2005). Therefore, the Petitioner may be implicitly arguing that the Supreme Court's decision in Booker has created a new right which is retroactively applicable to cases on collateral review, thus making his motion timely under Section 2255.

Booker does not apply to the Petitioner's case. In Booker, the Supreme Court held that the Sixth Amendment's right to a jury trial does not allow a district court employing the Federal Sentencing Guidelines to increase a defendant's sentence by considering facts which the defendant did not admit to or were not found by a jury beyond a reasonable doubt. 125 S.Ct. at 749-51. However, in cases such as the Petitioner's, which involve a guilty plea, the Judge may consider facts admitted by the Defendant in the plea when imposing a sentence under the Federal Sentencing Guidelines. Id. at 756.

In this case, the Court imposed the 80 month sentence agreed to by both the Petitioner and the Government. The Court did not enhance the sentence or consider facts that the Defendant did not admit. Therefore, Booker is inapplicable to this case and does not affect the timeliness of the Petitioner's motion.

### CONCLUSION

The Court DENIES the Petitioner's Motion to Modify Sentence, docket no. 1, as untimely.

1   IT IS SO ORDERED.

2   DATED this 11th day of August, 2005.

_____
Thomas S. Zilly
United States District Judge

ORDER - PAGE 4